# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

FEBRUARY TERM, 1879.

THEODORE RUNYON, ESQ., ORDINARY.

WILLIAM S. SQUIER, appellant,

*v.*

ELIZABETH A. SQUIER and others, respondents.

1. Certain shares of stock standing in the name of a testator, who, in fact, held them merely as collateral security for a note of his son, one of the executors, ordered to be transferred to the son on his paying the note.

2. Where there are two executors, and both seem to have been willing to do, and to have done, whatever was required, the commissions should be divided.

On appeal from Essex orphans court.

*Mr. John Lilly,* for appellant.

*Mr. J. G. Trusdell,* for respondents.

THE ORDINARY.

The proceedings present for review so much of a decree of the orphans court of Essex county as charges the appellant, as one of the executors of his father, Stevens Squier, with ten shares of the stock of the Mechanics National Bank of Newark, which, on December 13th, 1859, were transferred by the appellant to his father, and which, ever since then, have stood in the name of the latter; and so much, also, as directs that the commissions for settling the estate be equally divided between the appellant and his co-executor. The appellant alleges that the stock in question was transferred by him to his father, merely as security for the payment by him, to his father, of the money which he might collect upon a note for $500 belonging to the latter, and which, to accommodate him, he took into his hands for collection. He also claims that he has alone done the work of settling the estate, and that he, therefore, ought to receive all the commissions.

The inventory contains an item of $3,500, money due from the appellant to the testator, and does not include the ten shares of stock. Of the $3,500, $500 are for the amount of the note. There appears to be no room for doubt that the testator obtained the stock from the appellant in the way stated by the latter, and merely as security for the amount of the note. The proof is clear. In addition to the other evidence is the following instrument of writing, which was found among the testator's papers:

NEWARK, N. J., June 30, '71.

Due Stevens Squier, borrowed from him, three thousand dollars, interest paid up to July 1, 1871.

Also, ten shares Mechanics' National Bank stock, to be transferred to Wm. S. Squier, by his paying for the same five hundred dollars loaned on it, now standing in my name.

WM. S. SQUIER.

Though not signed by the testator, it is, under the circumstances, evidence of the facts contained in it, and therefore

is evidence that he held the stock merely as security for the amount of the note.

It is insisted by the respondents that a statement of settlement between the appellant and his father, contained in a small book which belonged to the latter, is evidence against the former in this matter.   But while the statement contains an acknowledgment of a loan of $500 by the testator to the appellant, it, at the same time, shows that it had been repaid.   It has no reference to the note.   It appears on another page of the book, by an entry in the handwriting of the testator, that the $500 mentioned in the statement of settlement, were lent in the year 1870.   The note was transferred to the appellant in 1859.   The paper above mentioned was manifestly given and received as evidence not only of the loan of $3,000, but of the terms on which the stock was held.

The decree in respect to the stock must be reversed.

The settlement of the estate appears not to have required much attention, or to have been attended with much trouble. Both executors seem to have been willing to do whatever was required of them therein, and both rendered service as there was need of it.   The decree is right in dividing the commissions equally between them.

The costs of the appeal, and a counsel fee of $50 to the counsel of each party, will be paid out of the estate.