This is an appeal from a decree of the Orphans Court so far as it relates to the granting of allowances to the executors and their respective proctors. *Page 280 
The will was executed while decedent was a resident of New York and named a New York trust company as executor and his wife as executrix. The trust company was succeeded by a New York trust company as successor.
The decedent moved to New Jersey, and, after several years residence here, died and his will was, accordingly, probated in this state.
On the final accounting of the estate the Orphans Court granted to respondent trust company commissions on corpus of $2,450 and to the widow, as executrix, $750. Income commissions of $40.71 were divided equally. Counsel fees were granted to the proctors for the trust company in the amount of $2,450 and to the proctor for the executrix in the amount of $750.
The appeal is taken from only so much of the decree as apportions the commissions on corpus in the amount stated, and makes the allowances to the respective proctors in the amounts stated.
It is contended, on behalf of appellant, that the allowances were made without notice and that, in any event, the apportionment was without justification under the circumstances. The first of these contentions is untenable.
Appellant relies on rule 33 of the Orphans Court without proof of five days' notice of application therefor.
However, it appears that the final account was noticed for June 5th, 1941, and the notice provided as follows:
"At said time and place said Court will be asked to make an allowance of commissions to said executors at the rate prescribed by law, and a counsel fee to be fixed by the Court to Morrison, Lloyd and Morrison, proctors for the accountant. The Marine Midland Trust Company of New York, and Lewis S. Beers, proctor for the accountant, Mary S. Goslee."
On the return date, affidavits of service were filed by the trust company and its proctors. No affidavits were filed by the executrix or by her proctor on that date, but were filed on the following June 16th by permission of the court, and subsequently the court made the allowances appealed from.
In fact, therefore, appellant had notice of the application so that there was sufficient compliance with the rule. *Page 281 
It is otherwise with the amount of the allowances. The estate was substantial, approximately $80,000, but was a very simple one to administer since, substantially, all the assets consisted of securities easily convertible into cash. The services rendered by the trust company were not much more than merely routine since the state and federal inheritance tax reports were all prepared by its proctors. So far as the preparation of the account is concerned, that is a duty which devolves upon the executor and if the executor does not perform it, the proctor cannot be allowed compensation therefor. In re Wolfe, 34 N.J. Eq. 223; In reRamsey's Estate, 66 Atl. Rep. 410; Hagedorn v. Arons, 106 N.J. Eq. 377.
There is another and greater objection to the apportionment of commissions between the trust company and the executrix. She, of course, had equal rights with the trust company in the administration of the estate, yet it appears that she was almost totally excluded from any participation. It was, therefore, through no fault of hers that the bulk of the work was done by the trust company.
The court below stated that "It was undoubtedly appointed by testator because of its experience and consequently it would naturally be expected that the corporate executor named would do the greater share of the work."
In my opinion, this is an erroneous conclusion, since it attributes to the testator an intention which in nowise appears in the will.
The applicable rule is that laid down in Squier v. Squier,30 N.J. Eq. 627 (at p. 629), where the court states:
"The settlement of the estate appears not to have required much attention, or to have been attended with much trouble. Both executors seem to have been willing to do whatever was required of them therein, and both rendered service as there was need of it. The decree is right in dividing the commissions equally between them."
The trust company, having excluded the executrix from equal participation in the administration, cannot claim greater compensation because of the small amount of services performed by the executrix when this condition was brought about by its own act. *Page 282 
As to the allowances to the proctors, a somewhat different condition exists. The proctors acted, not as of right under the will, but by appointment by their respective principals. Because of the attitude toward the executrix, the proctors for the trust company did in fact perform the bulk of the legal services, however willing the proctor for the executrix may have been to act. Under all the circumstances I consider that the allowance to the proctor for the executrix should be increased by $250 to $1,000, and that of the proctors for the trust company decreased by the same amount to $2,200.
The commissions will be divided equally.
A decree will be advised modifying the decree below accordingly.